ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br>RECURRIDA(S)<br><br><br>**V.**<br><br><br>**MARÍA I. BEY VÁZQUEZ**<br>PETICIONARIA(S) | **KLCE202400289** | ***Certiorari***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **AÑASCO**<br><br>Caso Núm.<br>**I1TR202300197**<br><br><br>Sobre:<br>Art. 7.02 Ley 22 |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

## R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 20 de marzo de 2024.

Comparece ante este Tribunal de Apelaciones, la señora **MARÍA I. BEY VÁZQUEZ** (señora **BEY VÁZQUEZ**) mediante *Petición de Certiorari* interpuesta el 7 de marzo de 2024. En su recurso, nos solicita que revisemos la *Minuta Resolución* decretada el 7 de febrero de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de Añasco.[1] Mediante el antedicho pronunciamiento, el foro *a quo* declaró *no ha lugar* la solicitud de supresión de evidencia, toda vez que se habían constatado los motivos fundados para la intervención, y se pautó audiencia para el **21 de marzo de 2024** a las 9:00 de la mañana.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

**- I -**

El 10 de octubre de 2023, **EL PUEBLO DE PUERTO RICO** presentó una *Denuncia* por violación al Artículo 7.02 de la *Ley de Vehículos y*

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 12 de febrero de 2024. Véase Apéndice de la *Petición de Certiorari*, pág. 1.

*Tránsito de Puerto Rico*, conocida como la Ley Núm. 22 de 7 de enero de 2000, según enmendada,[2] contra la señora **BEY VELÁZQUEZ**.[3] Ese mismo día, el foro primario determinó causa para arresto.

Luego de varios incidentes procesales, el 17 de enero de 2024, la señora **BEY VÁZQUEZ** presentó una *Solicitud de Supresión de Evidencia*.[4] Fundamentó que el agente Jeffrey Feliciano Balaguer (agente Feliciano Balaguer) **no** tenía orden judicial o motivo fundado para intervenir con la señora **BEY VÁZQUEZ**.

El 2 de febrero de 2024, **EL PUEBLO DE PUERTO RICO** presentó su *Moción en Oposición a Solicitud de Supresión de la Evidencia*.[5] A los pocos días, el 7 de febrero de 2024, se celebró una audiencia sobre *supresión de evidencia.* En dicha audiencia, se sentó como único testigo al agente Feliciano Balaguer. El mismo día, el tribunal primario decretó la *Minuta Resolución* recurrida.

Insatisfecha con ese proceder, el 7 de marzo de 2024, la señora **BEY VÁZQUEZ** recurrió ante este foro intermedio señalando el(los) siguiente(s) error(es):

> Erró el Tribunal de Primera Instancia al denegar la solicitud de supresión de evidencia, a pesar de que de la prueba oral y de la argumentación final del Ministerio Público surgió que era falso el motivo de intervención aludido por el Agente de la Policía.

Así las cosas, el 11 de marzo de 2024, pronunciamos *Resolución* en la cual, entre otras cosas, concedimos un plazo hasta el 18 de marzo de 2024, a las 12:00 del mediodía, para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado a **EL PUEBLO DE PUERTO RICO**.

El 18 de marzo de 2024, **EL PUEBLO DE PUERTO RICO** presentó su *Solicitud de Desestimación*. Adujo que el recurso de la señora **BEY VÁZQUEZ** carece de un documento indispensable- transcripción

---

[2] 9 LPRA., sec. 5002, et seq.
[3] Véase Apéndice de la *Petición de Certiorari*, pág. 5.
[4] *Íd.*, págs. 6- 10.
[5] *Íd.*, págs. 11- 18.

estipulada de la prueba oral vertida en la audiencia celebrada el 7 de febrero de 2024- lo cual impide que este foro revisor pueda descargar efectivamente su función revisora. Argumentó, además, que no se perfeccionó el recurso y, por ende, debe desestimarse la *Petición de Certiorari*.

Evaluado concienzudamente el expediente del caso; y contando con el beneficio de la comparecencia de ambas partes; nos encontramos en posición de resolver. Puntualizamos las normas de derecho pertinentes a las (s) controversia(s) planteada(s).

**- II -**

**- A -**

El recurso de *certiorari* permite a un tribunal de mayor jerarquía revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[6] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[7]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[8] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[9]

El examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[10] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;

---

[6] *Rivera Gómez v. Arcos Dorados Puerto Rico Inc.*, 2023 TSPR 65; 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[7] *Íd.*
[8] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[9] *Íd.*
[10] *Íd.*

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[11]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[12] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[13] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*. La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[14]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[15] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y

---

[11] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011). En los casos, criminales, la expedición de un auto de certiorari debe evaluarse a la luz de los criterios enumerados por la Regla 40 de nuestro Reglamento.
[12] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[13] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[14] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra.*
[15] *García v. Asociación*, 165 DPR 311, 322 (2005).

que nuestra intervención en esa etapa evitará un perjuicio sustancial".[16]

### - B -

La Constitución del Estado Libre Asociado de Puerto Rico en su Artículo II, Sección 10, prescribe la protección a favor de todo ciudadano contra registros y allanamientos irrazonables de su persona, pertenencias y propiedades, realizadas por un funcionario del Estado.

En ese sentido, el objetivo principal de esta protección constitucional contra registros y allanamientos irrazonables es proteger la intimidad y la dignidad del ser humano, como valor fundamental de nuestra democracia.[17] Con el propósito de garantizar la protección constitucional contra registros y allanamientos irrazonables, se ha instituido una **presunción de invalidez** de todo registro que se lleve a cabo **sin** una orden judicial y el estado debe probar su validez.[18] Los frutos de un registro ilegal son inadmisibles y por ende deben ser suprimidos.[19]

En el contexto de una detención inicial de un vehículo de motor, nuestro más alto foro ha expresado que la misma es razonable en circunstancias en las cuales existan motivos fundados o causa probable para creer que ha sucedido una violación a las leyes de tránsito. Ello, pues estamos ante una detención con un propósito específico y por un periodo de tiempo que es limitado. Empero, para realizar una intervención de mayor tiempo, es necesario obtener previamente una orden judicial. Todo ello, debe ser analizado bajo el principio que por el hecho de viajar en un automóvil no se renuncia al derecho de intimidad protegida por la Constitución.[20]

---

[16] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[17] *Pueblo v. Rolón Rodríguez*, 193 DPR 166 (2015); *Pueblo v. Serrano Reyes*, 176 DPR 437 (2009).
[18] *Pueblo v. López Colón*, 200 DPR 273 (2018); *Pueblo v. Blase Vázquez*, 148 DPR 618 (1999).
[19] *Pueblo v. Nieves Vives*, 188 DPR 1 (2013).
[20] *Pueblo v. Yip Berríos*, 142 DPR 386 (1997).

**- C -**

Por otro lado, la Regla 234 de las de Procedimiento Criminal provee una lista de fundamentos en los cuales se puede apoyar la persona imputada en un registro o allanamiento ilegal.[21] Sustancialmente, en una moción de *supresión de evidencia* se deberá exponer los hechos precisos o las razones específicas que sustenten el fundamento o los fundamentos en que se basa el petitorio. A diferencia de las audiencias sobre causa probable para arrestar o para acusar, la determinación de suprimir la evidencia bajo la Regla 234 de las de Procedimiento Criminal no termina con el proceso criminal. Esta regla meramente confiere una oportunidad a la defensa de lograr que se suprima en el juicio la presentación de la evidencia obtenida ilegalmente que podría ser perjudicial al imputado. Lo único que se decide es la legalidad o razonabilidad del registro efectuado.[22] En consonancia, una moción de desestimación al amparo de la Regla 64(p) de las de Procedimiento Criminal, procede en dos (2) escenarios: (1) cuando se infringió alguno de los derechos o requisitos procesales de la vista preliminar; y (2) cuando se determinó causa probable para acusar, pese a la ausencia total de prueba sobre alguno de los elementos del delito imputado, incluido entre estos, la prueba sobre la conexión del acusado.[23]

No obstante, el Ministerio Público puede proseguir su caso contra el imputado con otra prueba independiente y distinta a la suprimida.[24] En estos casos, no solo la evidencia que se obtenga durante un registro o un arresto ilegal será inadmisible, sino que toda la evidencia que se obtenga luego, como "fruto" de dicho registro o arresto, también será inadmisible en evidencia.[25]

---

[21] 34 LPRA. Ap. II, R. 234.
[22] *Pueblo v. Serrano Reyes, supra.*
[23] *Pueblo v. Guadalupe Rivera*, 206 DPR 616 (2021).
[24] *Íd.*
[25] *Pueblo v. Nieves Vives, supra.*

A grandes rasgos, cuando la evidencia incautada es producto de un registro o allanamiento con previa orden judicial, éste se presume válido y razonable.[26] En la audiencia, el peso de la prueba y la obligación de persuadir corresponde al que solicita la *supresión de evidencia*.[27] En cuanto al estándar o quantum de prueba a aplicar en una vista evidenciaria para adjudicar una solicitud de *supresión de evidencia*, debe preferirse el de "preponderancia de prueba basado en la totalidad de las circunstancias".[28]

### - III -

Un tribunal intermedio no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, o actuó con prejuicio o parcialidad, o se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y nuestra intervención en esa etapa evitará un perjuicio sustancial.

En su recurso, la señora **BEY VÁZQUEZ** señaló que incidió el tribunal primario al denegar la moción de *supresión de evidencia*, a pesar de que de la prueba oral y de la argumentación final del **PUEBLO DE PUERTO RICO** surgió que era falso el motivo de intervención del agente Feliciano Balaguer. Dicho señalamiento de error versa sobre la apreciación de la prueba testifical por el foro primario.

De otro lado, **EL PUEBLO DE PUERTO RICO** argumentó que la ausencia de una regrabación del proceso hace imposible que se pueda atender los méritos del recurso.

Ante un señalamiento de error sobre la apreciación de la prueba testifical, la señora **BEY VÁZQUEZ** debió notificar, oportunamente, al Tribunal de Apelaciones el método que utilizaría para la reproducción de la prueba oral: transcripción, exposición

---

[26] *Pueblo v. Guadalupe Rivera, supra.*
[27] *Íd.*
[28] *Íd.*

estipulada o exposición narrativa. Como resultado, el incumplimiento o la inobservancia de esta normativa, incide en el perfeccionamiento del recurso, por lo que, procedemos a conferirle deferencia al foro recurrido.

Ello fundamentado en que es doctrina reiterada que —como regla general— los foros superiores no intervendrán en las determinaciones de hechos de los foros primarios.[29] La razón de esta norma es que los tribunales de primera instancia son los que están en mejor posición para adjudicar la credibilidad y determinar lo que realmente aconteció, lo cual depende —entre otros factores— del comportamiento de los testigos y escuchar su voz mientras ofrecen su testimonio.[30] A modo de excepción, las determinaciones de hechos de los tribunales de instancia se pueden descartar si en la actuación del juzgador de los hechos medió pasión, prejuicio, parcialidad o error manifiesto.[31]

La señora **BEY VÁZQUEZ** tampoco ha demostrado que el foro de instancia actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto. En conclusión, nada en el expediente nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. Tras justipreciar la *Petición de Certiorari* no observamos ningún error de parte del foro primario al emitir la *Minuta Resolución* recurrida.

**- IV -**

Por los fundamentos antes expuestos, ***denegamos*** la expedición del auto de *Certiorari* entablado el 7 de marzo de 2024 por la señora **BEY VÁZQUEZ**. Al amparo de la Regla 35 (A)(1) de nuestro Reglamento, el Tribunal de Primera Instancia puede

---

[29] *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Rivera Menéndez v. Action Service*, 185 DPR 431 (2012); *SLG Rivera Carrasquillo v. AAA*, 177 DPR 345, 356 (2009).
[30] *Dávila Nieves v. Meléndez Marín*, *supra*, pág. 171.
[31] *Pueblo v. Millán Pacheco*, 182 DPR 595, 642 (2011).

proceder de conformidad con lo aquí resuelto, sin que se tenga que esperar por nuestro mandato.[32]

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[32] Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones: "La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario**." 4 LPRA Ap. XXII-B R. 35.